

U.S. Department of Justice
Civil Division, Appellate Staff
950 Pennsylvania Ave., N.W.
Washington, D.C. 20530-0001

Tel: (202) 514-5432

September 3, 2025

**By CM/ECF**

Susan E. Bindler
Clerk of Court
U.S. Court of Appeals for the Eighth Circuit
Thomas F. Eagleton Courthouse
111 South 10th Street
St. Louis, MO 63102

 Re: *Express Scripts, Inc. v. FTC*, No. 25-1383 (8th Cir.)

 We write in response to plaintiffs' letter citing *Space Exploration Technologies Corp. v. NLRB*, No. 24-50627 (5th Cir. 2025), where a divided panel of the Fifth Circuit upheld preliminary injunctions of NLRB proceedings based on the plaintiffs' removal challenges. The panel majority erroneously concluded that these injunctions were appropriate notwithstanding that (1) any unconstitutional removal restriction could likely be severed, Op. 15-17, and (2) the plaintiffs had not identified any concrete, compensable harm caused by the challenged statutory removal restrictions, Op. 33-42 (Wiener, J., dissenting).

 As explained in our answering brief, pp. 13-18, plaintiffs have not alleged compensable harm from the contested removal restrictions, which would be necessary to reverse or vacate any agency action based on such a removal challenge. *See Bhatti v. Federal Housing Finance Agency*, 97 F.4th 556, 561-62 (8th Cir. 2024). And plaintiffs do not contest that the correct response to any unconstitutional removal restrictions would be to declare them invalid and sever them from the statutory scheme. *Walmart, Inc. v. Chief Administrative Law Judge*, 144 F.4th 1315, 1348-49 (11th Cir. 2025) (affirming denial of a preliminary injunction on this ground). Thus, if plaintiffs were successful on their removal claims at final judgment, they

would not be entitled to vacatur of the FTC's actions or an injunction against the FTC from taking future action.

Plaintiffs cannot receive *greater* relief and a more expansive injunction at this interim stage than they could at final judgment. "Preliminary injunctions are a tool appropriately used only to grant intermediate relief *of the same character as that which may be granted finally*." *Alabama v. U.S. Army Corps of Engineers*, 424 F.3d 1117, 1134 (11th Cir. 2005) (quotation marks omitted). The district court acted well within its discretion in denying a preliminary injunction.

Sincerely,

*/s/ Daniel Aguilar*
Daniel Aguilar
U.S. Department of Justice
Civil Division, Appellate Staff

## CERTIFICATES OF COMPLIANCE AND SERVICE

I certify that this letter contains 291 words according to the count of Microsoft Office 365, and that this is within the word limit provided by Fed. R. App. P. 28(j).

I certify that on September 3, 2025, I electronically filed the foregoing with the Clerk of the Court by using the appellate CM/ECF system. I certify that the participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

*/s/ Daniel Aguilar*
DANIEL AGUILAR