

**U.S. Department of Justice**
Civil Division, Appellate Staff
950 Pennsylvania Ave., N.W.
Washington, D.C. 20530-0001

Tel: (202) 514-5432

April 14, 2026

**By CM/ECF**

Susan E. Bindler
Clerk of Court
U.S. Court of Appeals for the Eighth Circuit
Thomas F. Eagleton Courthouse
111 South 10th Street
St. Louis, MO 63102

>      Re:    *Express Scripts, Inc. v. FTC*, No. 25-1383 (8th Cir.) (argued
>             November 19, 2025).

We write in response to the letter filed by three of the plaintiffs (OptumRx, OptumRx Holdings, and Emisar Pharma Services) regarding *Intuit, Inc. v. FTC*, No. 24-60040 (5th Cir. Mar. 20, 2026). *Intuit* held that the FTC's adjudication of deceptive advertising claims required "that reasonable customers were likely to be misled by a false representation," and that the elements of the claim "correspond[ed] with the *sine qua non* of common law fraud and deceit: a material representation that was false." Op. 11.

Here, by contrast, there are no allegations that any plaintiffs engaged in deceptive advertising. Instead, the administrative complaint alleges (1) that plaintiffs "systemically prefer high list price insulin products, with high rebates and fees, over similar low list price products, with low rebates and fees" in a way that "negatively affect[s] competitive conditions;" (2) that plaintiffs "systemic exclusion of" certain "insulin products" from commercial formularies causes patients to pay higher prices for insulin; and (3) that these and other practices have a "combined effect [that] shifts the cost of high insulin prices of drugs onto certain insulin patients." Complaint at 41-43, *In re Caremark Rx, LLC*, No. 9437 (FTC Nov. 26, 2024), https://perma.cc/883S-PJLA.

Those claims concern unfair methods of competition and unfair acts or practices regarding drug pricing and formulary decisions. The Fifth Circuit made clear that its decision was limited to "claims for deceptive advertising" and did "not decide the same question for any other 'unfair methods of competition' or other 'unfair or deceptive acts or practices'" under the FTC Act. Op. 3 n.2, 24. As explained in our answering brief, the common law did not provide a general cause of action to enjoin unfair methods of competition or unfair acts or practices like those alleged here (Ans. Br. 21-23); so Congress created public rights unknown to the common law as part of the FTC Act (*id.* at 23-25); and this Court and others have repeatedly recognized that it is constitutional for the FTC to find facts and issue decisions adjudicating allegations of unfairness under the Act (*id.* at 25-27).

Sincerely,

*/s/ Daniel Aguilar*
Daniel Aguilar
U.S. Department of Justice
Civil Division, Appellate Staff

2

# CERTIFICATES OF COMPLIANCE AND SERVICE

I certify that this letter contains 344 words according to the count of Microsoft Office 365, and that this is within the word limit provided by Fed. R. App. P. 28(j).

I certify that on April 14, 2026, I electronically filed the foregoing with the Clerk of the Court by using the appellate CM/ECF system. I certify that the participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

*/s/ Daniel Aguilar*
DANIEL AGUILAR

3